**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NOEL G. SIMS, | ) | CASE NO. 3:15-cv-00709 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| MICHELE MILLER, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Noel G. Sims ("Sims"), challenges the constitutionality of his conviction in the case of *State v. Sims*, Sandusky County Court of Common Pleas Case No. 12-CR-1064. Sims, *pro se*, filed his Petition for a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on April 10, 2015. On June 11, 2015, Warden Michele Miller ("Respondent") filed a Motion to Dismiss. (ECF No. 6.) Sims filed a Traverse on June 29, 2015. (ECF No. 7.) He also filed two additional "Responses." (ECF Nos. 9 & 11.) For reasons set forth in detail below, it is recommended that Sims's petition be DISMISSED.

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v.*

*Bobby*, 654 F.3d 668, 701 (6th Cir. 2011). The state appellate court summarized the facts underlying Sims's conviction as follows:

> [*P2] On September 12, 2012, appellant was indicted on two counts of sexual battery in violation of R.C. 2907.03(A)(5) and one count of sexual imposition in violation of R.C. 2907.06(A)(4). The charges stemmed from sexual conduct engaged in by appellant with his stepdaughters, who were minors at the time of the activity.
>
> [*P3] Following the indictment, appellant entered a plea of not guilty. Thereafter, appellant entered a plea of guilty to one count of sexual battery in exchange for the state's dismissal of the remaining counts. The trial court accepted his plea and found him guilty on the sexual battery charge. The matter was continued for sentencing and a presentence investigation report was ordered.
>
> [*P4] On October 16, 2013, a sentencing hearing was held at which the trial court ordered appellant to serve 60 months in prison, the maximum sentence for a violation of R.C. 2907.03(A)(5). Further, the trial court explained that appellant was subject to a mandatory five-year term of postrelease control as a consequence of his conviction. However, the judgment entry that followed incorrectly indicated that appellant was subject to postrelease control for up to five years. Appellant now timely appeals his conviction.

*State v. Sims*, 2014 Ohio App. LEXIS 3459, 2014-Ohio-3515 at ¶¶2-4 (Ohio Ct. App., Aug. 15, 2014).

## II. Procedural History

**A. Conviction**

On September 12, 2012, a Sandusky County Grand Jury charged Sims with two counts of sexual battery in violation of Ohio Revised Code ("O.R.C.") § 2907.03(A)(5), and one count of sexual imposition in violation of O.R.C. § 2907.06(A)(4). (ECF No. 6-1, Exh. 1.)

On August 13, 2013, Sims pleaded guilty to sexual battery as charged in Count One of the Indictment. (ECF No. 6-1, Exh. 5.) In exchange for his plea, the remaining charges were dismissed. *Id*. On October 16, 2013, the trial court sentenced Sims to a term of sixty months

incarceration. (ECF No. 6-1, Exh. 6.) Sims was informed that he would be subject to a period of Post Release Control for up to five years after he is released from prison. *Id*.

**B.    Direct Appeal**

On November 12, 2013, Sims, through the same counsel who represented him during plea and sentencing, filed a Notice of Appeal with the Court of Appeals for the Sixth Appellate District ("state appellate court"). (ECF No. 6-1, Exh. 8.)

On April 8, 2014, Sims, through new appellate counsel, filed the following assignments of error:

> 1. The trial court erred, in prejudice to the Appellant, by imposing a sentence that was contrary to law and/or an abuse of discretion.
>
> 2. Within the sentencing judgment entry, the trial court erred in applying post release control (PRC) to Appellant Sims by improperly informing him that he would be subject to PRC of up to 5 years.[1]

(ECF No. 6-1, Exh. 9.)

The State opposed Sims' first assignment of error, but conceded the second assignment of error agreeing that a corrective *nunc pro tunc* entry would be appropriate. (ECF No. 6-1, Exh. 10.)

On August 15, 2014, the state appellate court affirmed, in part, and reversed, in part, the lower court's judgment. (ECF No. 6-1, Exh. 11.) It found the first assignment of error not well-taken, but remanded as to the second assignment of error instructing the trial court to

---

[1] Appellate counsel indicated that under state law, Sims was required to serve a mandatory term of five years post-release control, but that the judgment entry, by stating *up to* five years was possible, also incorrectly suggests a lesser term is possible. (ECF No. 6-1. Exh. 9 at 13.) Counsel suggested that a remand for a *nunc pro tunc* entry correcting the Judgment Entry as it relates to post-release control would be appropriate. *Id*.

impose a proper term of post-release control. *Id*. On June 12, 2015, the trial court issued a revised Judgment Entry specifying that Sims "will be subject to a period of Post Release Control for 5 years after he is released from imprisonment." (ECF No. 10-1, Exh. 16.)

Sims did not file an appeal with the Supreme Court of Ohio.

**C. Postconviction Relief**

On October 14, 2014, Sims, *pro se*, filed a motion to compel State to specifically perform plea agreement. (ECF No. 6-1, Exh. 12.) Respondent indicates that said motion has not been ruled upon. (ECF No. 6 at 3.)

On February 18, 2015, the trial court denied Sims's motion for judicial release without a hearing.[2] (ECF No. 6-1, Exh. 13.)

**D. Federal Habeas Petition**

On April 10, 2015, Sims filed a Petition for Writ of Habeas Corpus asserting the following grounds for relief:[3]

> **GROUND ONE**: Sixth Amend. Const. Effective Counsel with comprehension of plea and allegation offered not the court the proper condensation with the office of the prosecution by objecting and informing the court the lesser included offense was Ohio Revised Code 2907.06(B). No allegation may stand without support of evidence with testimony by an expert witness with procedure and equipment; tools; instruments. Fair trial by plea procedure being denied as the court ignored the provision of the criminal plea procedure in Criminal Procedure 11(F) lesser included offense. Criminal Procedure 11(G) allowed the court to declare the plea unacceptable and declare the petitioner not guilty and set a trial date. The court did not act in the manner of the procedure and sentence the petitioner beyond the plea agreement by 2943.04 Ohio Revised Code(A)Guilty and Not Guilty may be verbal agreement. All other pleas must be in writing.

---

[2] The motion for judicial release has not been provided as part of the record.

[3] Sims's grounds for relief and supporting facts are reproduced verbatim.

> *Supporting Facts*: The petitioner were to be gave the proper consideration for lesser included sentence as the Office of the Prosecutor had informed the court the lesser included allegation was apart of the original allegation and acceptable for plea. The court sentence beyond the guilty by negotiation.
>
> **GROUND TWO**: Within the sentencing judgment entry, the trial court erred in applying Post Release Control (PRC) to Appellant Sims by improperly informing him that he would subject to PRC of up to 5 years.
>
> *Supporting Facts*: Post release was plead for as a condition of the plea agreement in negotiated plea.

(ECF No. 1.)

### III. Exhaustion and Procedural Default

**A. Exhaustion Standard**

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b),( c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001).

**B. Procedural Default Standard**

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v.*

*Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). A claim may become procedurally defaulted in two ways. *Id*. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[4] *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Lovins*, 712 F.3d at 295 ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because

---

[4] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002). "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983)." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

of a state procedural rule.") This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A petitioner's procedural default, however, may be excused upon a showing of "cause"

for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (*citing Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Conclusory statements are not enough a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995)*; See Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D.Ohio 2007).

**C. Application to Sims**

Respondent argues that ground one is unexhausted and ground two is not cognizable.[5] (ECF No. 6 at 4-15.) As explained below, the Court finds both grounds are defaulted.

Sims's claim or claims in ground one are largely unintelligible. On direct appeal, Sims's first assignment of error suggested that "[t]he trial court erred, in prejudice to the Appellant, by imposing a sentence that was contrary to law and/or an abuse of discretion." (ECF No. 6-1, Exh. 9.) It is unclear whether ground one of the petition attempts to raise the same argument or new ones.[6] Ground two of the petition is rather similar to Sims's second assignment of error on direct appeal. To the extent ground two and the second assignment of error are considered identical, the Court agrees with Respondent that it has been rendered moot. (ECF No. 6 at 4 n. 2.) Sims prevailed on his second assignment of error, and the state appellate court remanded to the trial court for a corrected sentence, which was entered on June 12, 2015. (ECF No. 10-1, Exh. 16.)

Regardless of whether grounds one and two are construed as new assignments of error, which were never raised in state court, or as the same assignments of error raised on direct

---

[5] The Court does not disagree with Respondent's contention that ground two appears to raise only an error of state law, which is generally not cognizable upon habeas review. (ECF No. 6 at 4-6.) Nonetheless, as explained in the body of this opinion, the substance of ground two was never presented to the Ohio Supreme Court.

[6] To the extent Sims's incomprehensible ground one suggests that he actually pleaded guilty to the charge of sexual imposition, a misdemeanor of the third degree, as charged in Count Three, as opposed to sexual battery, a felony of the third degree, as charged in Count One (ECF No. 6-1, Exh. 1), such an assertion is completely contradicted by the Transcript of the Plea Hearing. Therein, the trial judge specifically asked: "You understand that you are entering a plea of guilty to the crime of sexual battery, that this is a third degree felony, possible penalty up to 60 months or five years in prison? Court could also impose a fine of up to $10,000." (ECF No. 8, Tr. 5.) Sims responded, "Yes, I understand." *Id*. He further indicated he was entering a plea of guilty of his own free will. (ECF No. 8, Tr. 10.)

appeal, it is undisputed that Sims never perfected an appeal of any sort before the Ohio Supreme Court.

"Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts." *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004); *accord Fulcher v. Logan County Circuit Court*, 459 Fed. Appx. 516, 522 (6th Cir. 2012) ("The very purpose of the exhaustion requirement is to 'give the state courts an opportunity to act on [a petitioner's] claims before he presents those claims to a federal court in a habeas petition' .... Accordingly, the claim was left unexhausted and is now procedurally defaulted.") This includes giving "state courts one full opportunity to resolve any constitutional issues by invoking ***one complete round*** of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (emphasis added); *accord Houston v. Waller*, 420 Fed. Appx. 501, 510 (6th Cir. 2011) ("A 'complete round' [of review] requires a petitioner to also present the issues to the state supreme court.") Under Ohio law, a constitutional question cannot ordinarily be raised before the Ohio Supreme Court unless it was first presented to the intermediate appellate court. *See State v. Jester*, 32 Ohio St.3d 147, 154, 512 N.E.2d 962, 966 (1987). Moreover, Ohio law prohibits him from raising this issue now. *See Engle*, 456 U.S. at 125 n. 28; *Collins v. Perini*, 594 F.2d 592 (6th Cir. 1979). However, as stated above, where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*.

Therefore, Sims's two grounds for relief are procedurally defaulted. Sims has not presented this Court with any argument as to cause for his default or identified any ensuing prejudice.

-10-

Furthermore, even if this Court were to assume that Sims would claim ineffective assistance of appellate counsel as "cause," for failing to raise the grounds for relief presented herein, such an argument would fail. Ineffective assistance of appellate counsel may constitute cause for a procedural default, *Murray*, 477 U.S. at 488, unless that claim is also procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 452, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000). Sims did not file a Rule 26(B) application to reopen his appeal based on ineffective assistance of appellate counsel. As such, any ineffective assistance of appellate counsel claim would similarly be defaulted. Absent cause for his procedural default, there is no need to address whether Sims can demonstrate prejudice.

Finally, while a petitioner's procedural default may be excused where a petitioner is actually innocent, Sims has made no such claim, nor has he presented this Court with new, reliable evidence of his innocence. As such, there is no justifiable reason to excuse his default.

### IV. Conclusion

For the foregoing reasons, it is recommended that Respondent's Motion to Dismiss (ECF No. 6) be GRANTED and Sims's Petition DISMISSED as procedurally defaulted for lack of fair presentation before the state courts.

/s/ Greg White
U.S. MAGISTRATE JUDGE

Date: January 20, 2016

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** ***See United States v. Walters*, 638 F.2d**

**947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**