UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| NOEL SIMS, | : | CASE NO. 15-CV-709 |
| | : | |
| Petitioner, | : | |
| | : | OPINION & ORDER |
| vs. | : | [Resolving Docs. 1, 6] |
| | : | |
| MICHELLE MILLER, Warden, | : | |
| | : | |
| Respondent. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Noel Sims seeks relief under 28 U.S.C. § 2254.[1] Magistrate Judge White recommends that this Court dismiss Petitioner's habeas petition.[2] Petitioner objects.[3] For the following reasons, this Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation, and **DISMISSES** Petitioner's § 2254 petition.

## I. Background

On September 12, 2012 an Ohio grand jury indicted Petitioner Sims of two counts of sexual battery and one count of sexual imposition.[4] On August 13, 2013, Petitioner pleaded guilty to one count of sexual battery, a third degree felony, in exchange for the prosecutor's motion to dismiss the other two counts.[5] Petitioner's signed guilty plea says that his attorney and the trial judge advised Petitioner that: 1) sexual battery is a third-degree felony, 2) Petitioner could be sentenced up to 60 months on this count, and 3) petitioner could face up to five years of

---

[1] Doc. 1.
[2] Doc. 12.
[3] Doc. 13.
[4] Doc. 6-1 at 3. This Court relies on the state court record, Docs. 6-1 and 10-1, and the Report and Recommendation, Doc. 12, for this case's procedural history.
[5] *Id.* at 12-13.

Case No. 15-cv-709
Gwin, J.

probation,[6] among other consequences. On October 16, 2013, the trial judge sentenced Petitioner to 60 months of imprisonment and five years of probation.[7]

On November 12, 2013, Petitioner appealed his sentence.[8] On August 15, 2014, the Ohio court of appeals affirmed in part and reversed and remanded in part Petitioner's sentence.[9] The appeals court remanded to correct "the sentencing entry [that] mistakenly imposes a postrelease control term of up to five years" as opposed to the correct mandatory five-year term.[10] However, the appeals court found that the trial court properly considered the required statutory factors and that the trial court imposed a proper sentence at the top of the statutory range. Petitioner did not appeal the appeals court's decision.

On October 14, 2014, Petitioner Sims moved the Ohio trial court to reduce his sentence, or alternatively to allow Petitioner to withdraw his guilty plea.[11] On February 15, 2015, the trial court denied this motion.[12] Petitioner did not appeal this decision. On June 12, 2015, the trial court entered a revised judgment entry sentencing Petitioner to 60 months of incarceration and a mandatory five-year term of supervised release.[13] On June 23, 2015, Petitioner filed a "Sentencing Error Notice" with the trial court.[14] On July 1, 2015, the trial court denied Petitioner's notice, saying that it was untimely and moot due to the appeals court's August 15, 2014, decision.[15] Petitioner did not appeal this denial.

---

[6] *Id.* It seems that this last advisement was mistaken; Petitioner was subject to a mandatory five-year term of probation under this charge.
[7] *Id.* at 16.
[8] *Id.* at 35.
[9] *Id.* at 76.
[10] *Id.* at 81–82.
[11] *Id.* at 85–87.
[12] *Id.* at 88.
[13] Doc. 10-1 at 2–3.
[14] *Id.* at 5–6.
[15] *Id.* at 7.

Case No. 15-cv-709
Gwin, J.

On April 10, 2015, Petitioner filed for habeas relief with this Court.[16] On June 11, 2015, Respondent Miller moved to dismiss the petition. On January 20, 2016, Magistrate Judge White filed the Report and Recommendation. On February 10, 2016, Petitioner objected to the Report and Recommendation.

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have properly objected.[17]

A habeas petitioner under § 2254 must exhaust all available state remedies before seeking a federal writ of habeas corpus.[18] "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."[19] This includes "invoking one complete round of the State's established appellate review process."[20] A district court will decline to review a habeas petition unless a petitioner can show that he or she has exhausted all available state remedies.

A petitioner fails to exhaust all remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."[21] A petitioner can avoid the exhaustion requirement if he or she can show that there is an absence of available state corrective process, or available process would be ineffective to protect the rights of the applicant.[22]

---

[16] Doc. 1.
[17] 28 U.S.C. § 636(b)(1).
[18] 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).
[19] *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981).
[20] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).
[21] 28 U.S.C. § 2254(c).
[22] 28 U.S.C. § 2254(b)(1).

-3-

Case No. 15-cv-709
Gwin, J.

Failing to exhaust state remedies can lead to a procedural default when the time to invoke available state remedies expires.[23]

### III. Discussion

Petitioner objects on the merits of his case but does not argue that he actually exhausted his state remedies before seeking habeas relief with this Court. Therefore, this Court can adopt without review the Report and Recommendation's finding that Petitioner's failure to exhaust his state remedies is a procedural bar to habeas relief. Moreover, after reviewing the state court record, this Court agrees that Petitioner's grounds for relief are procedurally barred.

Petitioner did not "invok[e] one complete round" of Ohio's appellate review because he did not appeal his case to the Ohio Supreme Court at any point in the state court proceedings. Direct review of the case is no longer available because the time period for Petitioner to appeal the Ohio appeals court's affirmation of Petitioner's sentence has elapsed.[24] Petitioner does not show cause for this failure to appeal to the Ohio Supreme Court. Therefore, Petitioner's § 2254 petition is procedurally barred because Petitioner did not exhaust his state court remedies and the time for state court review has lapsed.

Even if Petitioner's § 2254 petition was not procedurally defaulted, his objections would lose on the merits. At bottom, Petitioner says that his guilty plea and sentence should not stand because Petitioner assumed that he would receive the 36-month sentence from his plea negotiations, not a 60-month sentence. This argument loses because, by its terms, 1) any plea agreement recommended sentence was not binding on the sentencing judge, 2) Petitioner

---

[23] *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) ("Exhaustion is a problem only if the state still provides a remedy for the habeas petitioner to pursue, thus providing the state courts an opportunity to correct a constitutionally infirm state court conviction. If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts.").
[24] Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i).

Case No. 15-cv-709
Gwin, J.

acknowledged at his plea colloquy that he could be sentenced to up to 60 months of incarceration,[25] and 3) the trial judge sentenced Petitioner within the 60-month statutory range. Petitioner may not withdraw his guilty plea or reduce his sentence because he received a higher sentence than he expected.

### IV. Conclusion

For the foregoing reasons, this Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation, and **DISMISSES** Petitioner's § 2254 petition. Moreover, the Court certifies that no basis exists upon which to issue a certificate of appealability.[26]

IT IS SO ORDERED.

Dated: March 17, 2016              *s/         James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[25] Petitioner's signed guilty plea says "My attorney and the judge have advised me and I understand that: 1. The Court could sentence me to prison for a term of 12, 18, 24, 30, 36, 42, 48, 54 or 60 months for each count of a third degree felony." Doc. 6-1 at 12; *see also* Doc. 8 at 7.
[26] 28 U.S.C. § 2253(c); Fed. R. App. Proc. 22(b).